**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**JAMES DARNELL SMITH,**

Plaintiff,

vs.

Hon.

Mag Judge:

Case No.: 26-

**DELTA AIR LINES, INC.**,
a Delaware corporation,
**SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.**
an Illinois corporation,

Defendants.

_____/

**COMPLAINT**

Plaintiff, JAMES D. SMITH, through his attorneys, ILANA S. WILENKIN and FELDHEIM & WILENKIN, P.C., complains against the above-named Defendants as follows:

**I.      Jurisdiction and Venue**

1)      This Court's jurisdiction exists under the Employee Retirement Income Security Act of 1974 ("ERISA"), specifically, 29 U.S.C. §§ 1132(e)(1) and 1132(f), which provisions grant this Court the jurisdiction to hear civil actions to recover benefits due under the terms of an employee welfare benefit plan.

2)      The subject litigation centers on Defendants' refusal to provide a copy of Plaintiff's ("Mr. Smith") long-term disability claim file, despite repeated written requests.

3)      Upon information and belief, Defendant Delta Air Lines, Inc. ("Delta") sponsors the Delta Air Lines, Inc. Health and Welfare Benefit Plan ("the Plan"), underwrites the coverage(s), and is the Plan administrator.

4)      Upon information and belief, Defendant Sedgwick Claims Management Services, Inc. ("Sedgwick"), is the Plan's claims' administrator.

5)      29 U.S.C. § 1133 provides a mechanism for the administrative or internal appeal of benefit denials.  Delta and Sedgwick have refused to comply with Mr. Smith's requests, thus depriving him access to a meaningful, full, and fair pre-suit appellate review.

6)      Pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391, venue is proper in the Eastern District of Michigan.

## II.      Nature of Action

7)      This is a claim seeking long-term disability benefits pursuant to the Plan.  Mr. Smith's claim is being brought pursuant to § 502(a)(1)(B) of ERISA - 29 U.S.C. § 1132(a)(1)(B).

2

### III. The Parties

8) Mr. Smith is 41 years old and a resident of West Bloomfield, Michigan.

9) Delta is a Delaware corporation conducting business in Michigan, including the Eastern District. Its Resident Agent for service-of-process is CSC-Lawyers Incorporating Service (Company) 3410 Belle Chase Way, Suite 600, Lansing, MI 48911.

10) Sedgwick is an Illinois corporation conducting business in Michigan, including the Eastern District. Its Resident Agent for service-of-process is CSC-Lawyers Incorporating Service (Company) 3410 Belle Chase Way, Suite 600, Lansing, MI 48911.

11) During all relevant times, the Plan constituted an "employee welfare benefit plan," as defined by 29 U.S.C. § 1002(1), and, incidental to his employment with Delta, Mr. Smith received coverage under the Plan as a "participant," as defined by 29 U.S.C. § 1002(7). This claim relates to benefits due under the above-described Plan.

### IV. Factual Statement

12) Mr. Smith is 41 years old. He began working for Delta during April 2022 as a Ramp Agent.

13) Mr. Smith stopped working in any capacity on or about 6/9/23 after experiencing a work injury. Specifically, a screw/bolt became imbedded in Mr. Smith's left foot, which, *inter alia*, caused nerve damage and disabling functional impairment.

14) Shortly after 6/9/23, Mr. Smith applied to Delta to begin receiving long-term disability benefits.

15) At some point, Sedgwick/Delta approved and paid Mr. Smith long-term disability benefits beginning on an unknown date through 5/1/26.

16) Sedgwick advised Mr. Smith via 5/11/26 correspondence that it had denied his claim as of 5/1/26 and that he may appeal within 180 days.

17) Mr. Smith, through the Undersigned, formally requested from Sedgwick/Delta on 6/5/26, 6/29/26 & 7/3/26 a copy of Mr. Smith's claim file as well as a copy of the Plan. The Undersigned also placed several phone calls to Sedgwick ("Jessica") to confirm receipt of his requests and to determine when the information would be forthcoming.

18) During early-mid July, the Undersigned spoke with Sedgwick ("Jessica") who confirmed receipt of Mr. Smith's requests. However,

4

"Jessica" did not know when the requested information would be available but represented that she would ask her supervisor to call the Undersigned.

19)   As of 7/28/26, no Sedgwick supervisor has contacted the Undersigned.

20)   As of 7/28/26, Sedgwick/Delta has not provided the Undersigned with Mr. Smith's claim file or a copy of the Plan.

21)   Sedgwick-Delta's actions (inaction) have forced Mr. Smith to initiate litigation to obtain the information to which he is legally entitled.

22)   Sedgwick-Delta's actions (inaction) have further deprived Mr. Smith of his ability to timely appeal Delta's denial by refusing to provide Mr. Smith with the requested information pursuant to 29 C.F.R. §2560.503-1(h)(2)(iii); (h)(3)(i); and (h)(4).

**WHEREFORE**, based upon the preceding reasons, Plaintiff prays for the following relief:

A)   That this Court order Sedgwick-Delta to promptly convey to Mr. Smith a complete copy (**electronic copy**) of his long-term disability claim file as well as a copy of the Plan or insurance policy if the benefits are, in fact, insured.

B)   That this Court order that Mr. Smith be allowed 180 days to appeal Delta's denial, beginning on the date he receives his claim file and the Plan.

C)      That this Court order Delta to pay the costs associated with having to obtain the information, i.e., the $405.00 Complaint filing fee and the costs incurred serving each Delta and Sedgwick.

D)      That this Court award attorneys' fees pursuant to 29 U.S.C. § 1132(g).

E)      That Mr. Smith recovers all other relief to which he may be entitled, along with the costs of litigation.

Respectfully submitted:

**FELDHEIM & WILENKIN, P.C.**

By:     s/Ilana S. Wilenkin
        Ilana S. Wilenkin (P61710)
        Plaintiff's attorney
        30300 Northwestern Highway, Suite 108
        Farmington Hills, MI 48334-3255
        (248) 932-3505; fax (248) 932-1734
        ilana@lawsmf.com

Dated: July 28, 2026